# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| ARCHER DANIELS MIDLAND, INC., | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>)  Cause no. 4:20-cv-60 |
| LNG INDY, LLC d/b/a,<br>KINETREX ENERGY, | )<br>)<br>) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the court on the Motion to Strike Defendant's Affirmative Defenses Pursuant to Federal Rule of Civil Procedure 12(f) [DE 22] filed by the plaintiff, Archer Daniels Midland, Inc., on May 18, 2021. It is hereby ordered that the Motion be **GRANTED.**

*Background*

On July 14, 2020, the plaintiff, Archer Daniels Midland, Inc., initiated this action against the defendant, LNG Indy, LLC d/b/a, Kinetrex Energy, alleging property damage and business losses resulting from a grain dryer fire that occurred on November 6, 2019. In lieu of filing an answer, the defendant filed a motion to dismiss which was subsequently denied on April 27, 2021. Thereafter, the defendant filed its Answer [DE 17] which contained seventeen affirmative defenses.

On May 18, 2021, the plaintiff filed the instant motion requesting that the court strike all seventeen of the defendant's affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f) [DE 22]. On June 7, 2021, the defendant responded in opposition, and on June 14, 2021, the plaintiff filed its reply. The affirmative defenses at issue are as follows:

1. Plaintiff failed to state a claim upon which relief may be granted against Kinetrex.

2. Plaintiff's claims are barred by the doctrines of estoppel, waiver, and laches.

3. Plaintiff's claims are barred by setoff or recoupment.

4. Plaintiff's claims are barred because Plaintiff failed to mitigate its damages.

5. Plaintiff's claims are barred by the doctrine of unclean hands.

6. Plaintiff's negligence contributed to the damages alleged because Plaintiff failed to properly maintain and care for the equipment which is subject of this action.

7. The defects and damages of which Plaintiff's [sic] complaint are solely and exclusively attributable to the acts and omissions of Plaintiff or third parties.

8. Plaintiff, or its agents, misused the equipment in question and therefore, Plaintiff's action is either barred or any award in favor of Plaintiff must be reduced in accordance with its fault and misuse of the equipment.

9. Plaintiff, or its agents, were negligent in the use of the equipment in question and, therefore, the award in favor of the Plaintiff must be reduced in accordance with the law of comparative negligence.

10. The equipment at issue is not in substantially the same condition as [it was] at the same time of manufacture [sic] and delivery to customer.

11. Kinetrex is entitled to a set-off for any and all insurance benefits, settlement monies and other collateral source benefits paid or payable to Plaintiff as a result of the subject incident.

12. Kinetrex denies that it was negligent in any way in connection with the claims described in Plaintiff's Complaint and affirmatively alleges that the contributory or comparative negligence of Plaintiff is greater than fifty (50%) of the total fault in causing the damages alleged in the Complaint and therefore Plaintiff cannot recover from Kintrex or, alternatively, Plaintiff's damages should be diminished in proportion to the amount of negligence attributed to Plaintiff.

13. Any damages allegedly suffered by Plaintiff is the result of the intervening actions of others and were not proximately caused by

the actions of Kinetrex.

14. Plaintiff's claims and/or damages are barred by the express terms and conditions stated in the Liquidated Natural Gas Spot Purchase Agreement and LNG Standard Terms and Conditions.

15. The damages of which Plaintiff complains were caused in whole or in part by non-parties whom Plaintiff has failed to join in this action. Kinetrex reserves the right to name such non-parties as discovery progresses.

16. Plaintiff's claims are barred to the extent Plaintiff incurred or assumed the risks of which Plaintiff complains.

17. Discovery and investigation are incomplete and Kinetrex cannot reasonably be expected to know whether additional defenses may be applicable. Kinetrex therefore reserves the right to assert additional defenses as may be applicable and appropriate during the pendency of this action.

*Discussion*

Pursuant to **Federal Rule of Civil Procedure 12(f)**, "the court may strike from a pleading any . . . redundant, immaterial, impertinent, or scandalous matter." Motions to strike generally are disfavored, although they may be granted if they remove unnecessary clutter from a case and expedite matters, rather than delay them. **Heller Fin., Inc. v. Midwhey Powder Co., Inc.**, 883 F.2d 1286, 1294 (7th Cir. 1989); **Doe v. Brimfield Grade School**, 552 F. Supp. 2d 816, 825 (C.D. Ill. 2008). The decision whether to strike material is within the discretion of the court. **Talbot v. Robert Matthews Distrib. Co.**, 961 F.2d 654, 665 (7th Cir. 1992).

"Affirmative defenses will be stricken only when they are insufficient on the face of the pleadings." **Heller**, 883 F.3d at 1294. Statements contained in a complaint must give the defendant notice of the claim against it and contain enough facts that the relief is plausible on its face. **Ashcroft v. Iqbal**, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting **Twombly**, 550 U.S. at 570). Affirmative defenses are subject to the same standards as other

3

pleadings and must provide more than a "bare bones" statement so that the plaintiff is given notice of any shortcomings in the complaint. ***Tooley v. Wash. Group Int'l, Inc***., 2009 WL 5511212, at *7 (C.D. Ill. 2009). Affirmative defenses "must set forth a 'short plain statement' of all the material elements of the defense asserted; bare legal conclusions are not sufficient." ***Davis***, 592 F.Supp.2d at 1058 (citing ***Heller***, 883 F.2d at 1294). However, affirmative defenses can be inferred from the pleadings. ***Markel Ins. Co. v. United Emergency Med. Servs.***, 2017 WL 942723, at *3 (N.D. Ind. Mar. 10, 2017); ***David v. Elite Mortgage Services, Inc***., 592 F.Supp.2d 1052, 1058 (N.D. Ill. 2009) ("Such motions [to strike] will not be granted 'unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense and are inferable from the pleadings'") (citing ***Williams v. Jader Fuel Co.***, 944 F.2d 1388, 1400 (7th Cir. 1991)) (internal citations and quotations omitted).

"Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." ***Heller Fin***, 883 F.2d at 1294. As such, affirmative defenses must set forth a "short and plain statement" of each defense pursuant to Federal Rules of Civil Procedure 8(a). ***Heller Fin,*** 883 F.2d at 1294. Affirmative defenses allow defendants to avoid liability even if plaintiffs can prove all the individual elements of their claim. ***Eastgate Investments I, LLC v. MW Builders, Inc.***, 2020 WL 1887936, at *1 (N.D. Ind. April 15, 2020). Because of this, affirmative defenses must "be adequately pled to put a plaintiff on notice of the defense." 2020 WL 1887936, at *2.

First, the plaintiff argues that affirmative defense one, "Plaintiff failed to state a Claim upon which relief can be granted against Kinetrex," is bare bones and does not comply with pleading requirements. The defendant does not address this defense in its response. "'Failure to state a claim' is a recognized defense, but it is not an affirmative defense because it does not assume the

allegations of the [c]omplaint are true and then articulate a separate reason why the defendant is not liable." **McDowell v. Carroll County**, 2015 WL 2131606, at *2 (N.D. Ind. May 7, 2015) (striking the failure to state a claim affirmative defense because the defendants failed to explain how the plaintiff failed to state a claim, but rather, provided a bare bone legal assertion); *see also* **Cottle v. Falcon Holdings Mgmt., LLC**, 2012 WL 266968, at *3 (N.D. Ind. Jan. 30, 2012) (striking the failure to state a claim affirmative defense because the defendant did not provide any allegation showing how the plaintiff failed to state a claim). Accordingly, the court **STRIKES** the defendant's first affirmative defense.

For the same reason, the court **STRIKES** the defendant's seventeenth affirmative. A reservation to assert additional affirmative defenses is not an affirmative defense. *See* **McDowell**, 2015 WL 2131606, at *2. The parties may request leave of court to amend their pleadings in the future. **Federal Rule of Civil Procedure 15**. Additionally, affirmative defense eleven, "Kinetrex is entitled to a set-off for any and all insurance benefits, settlement monies and other collateral source benefits paid or payable to Plaintiff as a result of the subject incident," is often plead as an affirmative defense, "but such claims can (and perhaps should) be set forth separately in a counterclaim." **Lock Realty Corp. IX v. U.S. Health, L.P.**, 2009 WL 2970330, at *14 (N.D. Ind. Sept. 14, 2009) (citing **Coplay Cement Co., Inc. v. Willis & Paul Group**, 983 F.2d 1435, 1440 (7th Cir. 1993). Accordingly, affirmative defense eleven is hereby **STRIKEN**.

As to affirmative defenses two through six, eight through ten, and sixteen, the plaintiff argues that they are bare bones and devoid of any factual support that would be sufficient to put the plaintiff on notice as to how its claims are specifically lacking.

The crux of the defendant's argument in opposition to the instant motion is that since the Seventh Circuit "has not yet addressed whether the pleading standard for a complaint in **Bell Atl.**

5

*Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) applies to affirmative defenses," it does not need to "provide a factual basis to assert an affirmative defense." Further, the defendant claims that the motion fails because the plaintiff incorrectly assumes that the affirmative defenses at issue "must satisfy a plausibility standard and must contain a factual basis."

The defendant is correct insofar as that the Seventh Circuit has not yet decided whether the pleading standard for a complaint set forth in *Twombly* and *Iqbal* applies to affirmative defenses. This court agrees with those cases declining to apply the "plausibility" standard of *Iqbal* and *Twombly* to affirmative defenses. See *Cottle*, 2012 WL 266968 (providing extensive discussion of the issue and citing supporting cases). However, "factual allegations that were sufficient before *Twombly* and *Iqbal* will likely still be sufficient, and bare bones affirmative defenses have always been insufficient." *Eastgate Investments*, 2020 WL 1887936, at *1 (internal citations and quotations omitted). In fact, the Seventh Circuit determined in *Heller* that an affirmative defense that "omit[s] any short and plain statement of facts and fail[s] totally to allege the necessary elements of the alleged claims" is deficient and properly stricken. *Heller Fin*, 883 F.2d at 1295.

The defendant cites *Briley v. Lawson*, 2018 WL 2192166, at *2 (N.D. Ind. May 14, 2018) in support of its position that it does not need to provide a factual basis to assert an affirmative defense. There, the court reiterated the fact that the Seventh Circuit has yet to decide whether *Twombly* and *Iqbal* applies to affirmative defenses and agreed with those cases that declined to apply the "plausibility" standard to defenses. Immediately following that statement, the court said "[s]tated otherwise, the defendants are not required to provide a factual basis to assert an affirmative defense." 2018 WL 2192166, at *2. However, just a few paragraphs above, the court noted that "affirmative defenses are pleadings … [and therefore] must set for a short and plain statement." 2018 WL 2192166, at *1 (internal citations and quotations omitted). The court interprets *Briley* to

6

mean that there is no need to provide a factual basis as prescribed in *Twombly* and *Iqbal* in order to properly plead an affirmative defense, but a defense void of any factual allegations is insufficient and warrants striking. Here, affirmative defenses two through six, eight through ten, and sixteen are conclusory allegations that contain no factual support. *See* ***Do It Best Corp. v. Heinen Hardware, LLC***, 2013 WL 3421924 (N.D. Ind. Jul. 8, 2013) (finding that "by not providing any factual support, Defendants also fail to give Plaintiff notice as to how the defenses apply"). Accordingly, the court **STRIKES** affirmative defenses two, three, four, five, six, eight, nine, ten, and sixteen.

The plaintiff claims that affirmative defenses seven, thirteen, and fifteen are not affirmative defenses because they are "mere statements that someone else is at fault." ***Schmitz v. Four D Trucking, Inc.***, 2014 WL 309190, at *2 (N.D. Ind. Jan. 28, 2014). The defendant did not respond to this argument. The court agrees with the plaintiff's argument. Asserting that the plaintiff's injuries "were the proximate result of other persons and/or entities, amounts to nothing more than a denial of liability or causation, neither of which is an affirmative defense." ***Biglands v. Maysville Regional Water and Sewer Dist.***, 2012 WL 2130555, at *2 (N.D. Ind. June 12, 2012) (internal quotations and citations omitted). The court **STRIKES** affirmative defense seven, thirteen, and fifteen.

Next, the plaintiff argues that affirmative defense twelve, "Kinetrex denies that it was negligent in any way in connection with the claims described in Plaintiff's Complaint and affirmatively alleges that the contributory or comparative negligence of Plaintiff is greater than fifty (50%) of the total fault in causing the damages alleged in the Complaint and therefore Plaintiff cannot recover from Kintrex or, alternatively, Plaintiff's damages should be diminished in proportion to the amount of negligence attributed to Plaintiff," fails to set forth any facts to support it. The defendant argues that, along with its running argument that it does not need to assert a factual basis for an affirmative defense, defense eleven contains enough facts to put the plaintiff on

notice that it intends to assert a contributory and/or comparative negligence theory.

The first half of the defense twelve, "Kinetrex denies that it was negligent in any way in connection with the claims described in Plaintiff's Complaint," is not an affirmative defense. A denial of allegations asserted in the complaint is not an affirmative defense. *See **Malibu Media, LLC v. Doe,*** 2013 WL 4048513, at *4 (N.D. Ind. Aug. 9, 2013) (citing ***Thomas v. Exxon Mobil Corp.***, 2009 WL 377334, at *2 (N.D. Ill. Feb. 11, 2009) (finding that "it is improper to assert something as an affirmative defense that is nothing more than a denial of an allegation contained in the complaint")). The remaining half of defense twelve in which the defendant "affirmatively alleges that the contributory or comparative negligence of Plaintiff is greater than fifty (50%) of the total fault in causing the damages alleged in the Complaint and therefore Plaintiff cannot recover from Kintrex or, alternatively, Plaintiff's damages should be diminished in proportion to the amount of negligence attributed to Plaintiff," is bare bones as it fails to state how or why the plaintiff was contributorily or comparatively negligent. Accordingly, the court **STRIKES** affirmative defense twelve.

Lastly, the defendant's fourteenth affirmative defense states that the "[p]laintiff's claims and/or damages are barred by the express terms and conditions stated in the Liquidated Natural Gas Spot Purchase Agreement and LNG Standard Terms and Conditions." The plaintiff argues that this defense should be stricken because in the court's April 27, 2021 Order denying the defendant's Motion to Dismiss, the court held that "the allegations of the [p]laintiff's complaint, which are based on the [d]efendant's design, selection, installation, and monitoring of LNG storage and vaporization equipment, do not 'arise out of' the Spot Purchase Agreement, which governs the purchase, sale, and delivery of the commodity LNG." [DE 16, pg. 6]. The plaintiff claims that this defense should be stricken pursuant to ***Analytical Engineering, Inc. v. Baldwin Filters, Inc.***, 425

F.3d 443, 454 (7th Cir. 2005). There, the Seventh Circuit held that "when an issue is once litigated and decided, that should be the end of the matter." 425 F.3d at 454. Nonetheless, the plaintiff argues, that this defense fails to comply with Rule 8 pleading requirements and can be struck on that basis alone.

The defendant states that since it chose not to seek interlocutory appeal of the court's April 27, 2021 Order, it remains its position that the LNG agreement was the sole and exclusive reason for the parties' relationship and that it governed all claims arising therefrom, including those set forth in the complaint. Additionally, the defendant claims that the court's order was based on limited facts and allegations, but that additional factual detail will be developed in discovery and presented to the court.

The plaintiff's reliance on *Analytical Engineering, Inc.* is untenable. The Seventh Circuit found that "[t]he law of the case doctrine is a rule of practice which recited that when an issue is once litigated and decided, that should be the end of the matter," as it pertains to the issue of *res judicata* and its purpose of avoiding multiple costly lawsuits on the same issue. ***Analytical Engineering, Inc.***, 425 F.3d at 454. Even so, the defense fails to state what express term or provisions in the Spot Purchase Agreement that the plaintiff's claims and/or damages are barred by, making it a barebones legal conclusion with no factual details. Accordingly, the court **STRIKES** affirmative defense fourteen.

Although each affirmative defense was addressed on the merits, it should be noted that many of them do not apply to the facts of this case. Boilerplate pleadings are contrary to professional advocacy and cause both the court and opposing counsel to waste time addressing them. In the future, a similar filing will result in all of the affirmative defenses being summarily stricken with sanctions imposed.

For the foregoing reasons the Plaintiff's Motion to Strike Defendant's Affirmative Defenses Pursuant to Federal Rule of Civil Procedure 12(f) [DE 22] is **GRANTED.**

ENTERED this 2nd day of July, 2021.

/s/ Andrew P. Rodovich
United States Magistrate Judge