UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ARCHER DANIELS MIDLAND, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Cause no. 4:20-cv-60 |
| LNG INDY, LLC d/b/a, | ) |
| KINETREX ENERGY, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Leave to File Amended Answer and Affirmative Defenses and to Assert Counterclaims [DE 37] filed by the defendant, LNG Indy d/b/a, Kinetrex Energy, on July 27, 2021. It is hereby ordered that the Motion be **GRANTED in part** and **DENIED in part.**

*Background*

On July 14, 2020, the plaintiff, Archer Daniels Midland, Inc., initiated this action against the defendant, LNG Indy, LLC d/b/a, Kinetrex Energy, alleging property damage and business losses resulting from a grain dryer fire that occurred on November 6, 2019. In lieu of filing an answer, the defendant filed a motion to dismiss which was subsequently denied on April 27, 2021. Thereafter, the defendant filed its Answer [DE 17] which contained seventeen affirmative defenses. On May 18, 2021, the plaintiff filed a Motion to Strike the defendant's affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f) [DE 22]. The court granted the motion to strike on July 2, 2021 [DE 36].

The defendant has now filed the instant motion requesting that the court grant it leave to amend its answer to include eight new affirmative defenses and two counterclaims. The plaintiff

responded in opposition on August 5, 2021, and the defendant replied on August 16, 2021. The court finds that since the plaintiff's response only discusses seven out of the eight affirmative defenses, it has waived any objection to the addition of affirmative defense four as well as the two counter claims. Therefore, the issue before the court is whether it would be proper to grant leave to the defendant to amend its answer to include affirmative defenses one through three and five through eight. The defenses at issue are as follows:

1. Plaintiff's claims are barred because Plaintiff failed to mitigate its damages. Plaintiff's alleged business losses could have been avoided or mitigated.

2. Plaintiff, or its agents, misused the equipment in question and therefore, Plaintiff's action is either barred or any award in favor of Plaintiff must be reduced in accordance with its fault and misuse of the equipment. In particular, Plaintiff, or its agents, failed to follow appropriate shut-off procedures for the equipment in question and even went as far as to break off the valve to shut down the system. These negligent acts contributed in whole or in part and/or exacerbated the incident that caused Plaintiff's alleged damages.

3. Plaintiff, or its agents, were negligent in the use of the equipment in question and, therefore, the award in favor of the Plaintiff must be reduced in accordance with the law of comparative negligence. In particular, Plaintiff, or its agents, failed to monitor its own system and failed to follow appropriate shut-off procedures for the equipment in question. Plaintiff, or its agents, even went as far as to break off the valve to shut down the system. These negligent acts contributed in whole or in part and/or exacerbated the incident that caused Plaintiff's alleged damages.

5. Kinetrex is entitled to a set-off for any and all insurance benefits, settlement monies and any other collateral source benefits paid or payable to Plaintiff as a result of the subject incident.

6. The contributory or comparative negligence of Plaintiff is greater than fifty (50%) of the total fault in causing the damages alleged in the Complaint and therefore Plaintiff cannot recover from Kinetrex or, alternatively, Plaintiff's damages should be diminished in proportion to the amount of negligence attributed to Plaintiff. In particular:

      a. Plaintiff, or its agents, failed to follow appropriate shut-off procedures for the equipment in question and even went as far as to break off the valve to shut down the system.

      b. Plaintiff's system used valves which were insufficient and may have been out of warranty at the time of the fire. As such, Plaintiff knew of issues relating to the use of such valves, yet did nothing to address these issues prior to the fire.

      c. Plaintiff failed to adequately clean and maintain the subject grain dryer. The failure to clean grain dryers of dust or other contaminants is frequently the cause of grain dryer fires.

      d. Plaintiff failed to keep fire extinguishing equipment within close proximity of the grain dryer and did not train its personnel appropriately to respond to a fire.

      e. Plaintiff failed to adequately respond to the fire in a timely manner which resulted in additional damages that could have been avoided.

7. Plaintiff's claims and/or damages are barred by Paragraph 5 of the LNG Standard Terms and Conditions included in the Liquified Natural Gas Spot Purchase Agreement. Plaintiff's claims and/or alleged damages arise from Plaintiff's purchase of LNG from Kinetrex and the ancillary services provided by Kintrex relating to the same. As such, the limitation of damages included within the Liquified Natural Gas Spot Purchase Agreement limits and/or bars certain damages claimed by Plaintiff.

8. The damages of which Plaintiff complains were caused in whole or in part by non-parties whom Plaintiff has failed to join in this action. In particular, Plaintiff's system used Honeywell valves which were insufficient and may have contributed to the fire at issue. Honeywell participated in an investigation following the fire, however, Kinetrex has been denied a copy of Honeywell's report from the investigation. In addition, the manufacturer of the vaporizer, Cryogenic Experts, Inc., failed to manufacture the vaporizer to the required specifications and such failure contributed in whole or in part and/or exacerbated the incident that caused Plaintiff's alleged damages.

*Discussion*

**Federal Rule of Civil Procedure 15(a)** provides that a party may amend the party's pleading only by leave of court or by written consent of the adverse party and that leave shall be

freely given when justice so requires. However, "that does not mean it must always be given." *McGuire v. Kolodzeij*, 2020 WL 6375688, at *1 (N.D. Ind. Oct. 20, 2020) (citing *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 732 (7th Cir. 2009). "[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, … undue prejudice to the defendants, or where the amendment would be futile." *Divane v. Northwestern*, 953 F.3d 980, 993 (7th Cir. 2020) (citing *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

The defendant seeks to add affirmative defense one which the plaintiff argues is nearly identical to its stricken fourth affirmative defense in the original answer. Affirmative defense four stated that the "[p]laintiff's claims are barred because [the p]laintiff failed to mitigate its damages." The court struck this defense for being a conclusory allegation with no factual support. The defendant is now attempting to offer the same defense but with an additional sentence that states that the "[p]laintiff's alleged business losses could have been avoided or mitigated."

As discussed in detail in the court's July 2, 2021 Order, the Seventh Circuit has not yet decided whether the pleading standard for a complaint set forth in *Twombly*, 550 U.S. 544 (2007) and *Iqbal,* 556 U.S. 662 (2009) applies to affirmative defenses. This court agrees with those cases declining to apply the "plausibility" standard of *Iqbal* and *Twombly* to affirmative defenses. *See Cottle*, 2012 WL 266968 (providing extensive discussion of the issue and citing supporting cases). However, "factual allegations that were sufficient before *Twombly* and *Iqbal* will likely still be sufficient, and bare bones affirmative defenses have always been insufficient." *Eastgate Investments*, 2020 WL 1887936, at *1 (internal citations and quotations omitted). Therefore, an affirmative defense must, at minimum, fulfill its purpose of putting the plaintiff on notice as to how the defense applies. *See Do It Best Corp. v. Heinen Hardware, LLC*, 2013 WL 3421924 (N.D. Ind. Jul. 8, 2013). The court understands the difficulty parties face pre-discovery in

determining all of the relevant facts needed. Therefore, the court finds the defendant's addition of alleging that the plaintiff failed to mitigate its damages as it relates to its business losses is sufficient to put the plantiff on notice as to how the defendant intends to use this defense.

Similarly, the court originally struck the defendant's affirmative defense fourteen which stated that the "[p]laintiff's claims and/or damages are barred by the express terms and conditions stated in the Liquidated Natural Gas Spot Purchase Agreement and LNG Standard Terms and Conditions" because the defendant failed to state what express term or provisions in the Spot Purchase Agreement barred the plaintiff's claims and/or damages, making it a barebones legal conclusion with no factual details. In proposed affirmative defense seven, the defendant cures that deficiency by asserting that paragraph five of the Spot Purchase Agreement bars the plaintiff's claims and/or damages.

Next the defendant seeks to amend its answer to add affirmative defenses two and three. The plaintiff's only argument against them is that combined, they are duplicative of the defendant's proposed sixth affirmative defense. The plaintiff makes no argument as to the addition of affirmative defense six. While all three affirmative defenses are similar, there are slightly different allegations in each. For example, affirmative defenses two and three assert that the plaintiff "misused the equipment" by "fail[ing] to follow appropriate shut off procedures," but affirmative defense three adds that the plaintiff or its agents "failed to monitor its own system." Lastly, affirmative defense six includes assertions that the plaintiff's system valves "were insufficient and may have been out of warranty at the time of the fire" and that the "[p]laintiff failed to adequately clean and maintain the subject grain dryer." The court is not persuaded by the plaintiff's argument. Regardless, the plaintiff seems to be confusing the standard by which the court must weigh whether it is appropriate to grant the defendant leave to amend its answer. The plaintiff has failed to show

5

USDC IN/ND case 4:20-cv-00060-TLS-APR   document 43   filed 08/24/21   page 6 of 7

how the addition of these defenses would prejudice it, cause undue delay, or be futile.

The plaintiff challenges the addition of affirmative defense five by arguing that it is futile because it is identical to the defendant's prior stricken affirmative defense eleven which stated that "Kinetrex is entitled to a set-off for any and all insurance benefits, settlement monies and other collateral source benefits paid or payable to [the p]laintiff was a result of the subject incident." [DE 17]. The plaintiff is correct, proposed affirmative defense five is the same as affirmative defense eleven which the court struck in its July 2, 2021 Order. The court found that such claims "can (and perhaps should) be set forth separately in a counterclaim." **Lock Realty Corp. IX v. U.S. Health, L.P.**, 2009 WL 2970330, at *14 (N.D. Ind. Sept. 14, 2009) (citing **Coplay Cement Co., Inc. v. Willis & Paul Group**, 983 F.2d 1435, 1440 (7th Cir. 1993). The court views the inclusion of this proposed defense as an attempt by the defendant to undermine the July 2, 2021 Order. The court reaffirms its July 2, 2021 finding as it relates to this defense.

Lastly, as to proposed affirmative defense eight, the plaintiff argues that court should deny leave to add this defense as the court struck a similar defense in its July 2, 2021 Order. The similarly stuck defense stated:

> 5. The defects and damages of which Plaintiff's [sic] complaint are solely and exclusively attributable to the acts and omissions of Plaintiff or third parties.

[DE 17]. The court reaffirms its position that asserting that the plaintiff's injuries "were the proximate result of other persons and/or entities, amounts to nothing more than a denial of liability or causation, neither of which is an affirmative defense." **Biglands v. Maysville Regional Water and Sewer Dist.**, 2012 WL 2130555, at *2 (N.D. Ind. June 12, 2012) (internal quotations and citations omitted). For this reason, and the defendant's lack of response, the court finds the addition of affirmative defense eight to be futile.

6

For the foregoing reasons the Motion for Leave to File Amended Answer and Affirmative Defenses and to Assert Counterclaims [DE 37] is **GRANTED in part** and **DENIED in part**. The court grants the defendant leave to amend its answer to include counterclaims one and two as well as affirmative defenses one through four, six, and seven.

ENTERED this 24th day of August, 2021.

/s/ Andrew P. Rodovich
United States Magistrate Judge